**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MOSLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7711** |
| | : | |
| **NAVY FEDERAL CREDIT UNION,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PEREZ, J.** **OCTOBER 14, 2026**

James Mosley, a frequent *pro se* litigant in this Court, has filed a Complaint naming the Navy Federal Credit Union ("Navy Federal") as the Defendant,[1] raising state law claims for breach of contract and negligence and mentioning the words "bias" and "discrimination." He also seeks to proceed *in forma pauperis*. For the reasons stated, the Court will grant him leave to proceed *in forma pauperis* and dismiss the Complaint.

## I. FACTUAL ALLEGATIONS[2]

Mosley asserts that on or about September 12, 2026 he contacted Navy Federal customer service to check the balance of his accounts. (Compl. at 3.) He was told his accounts were deactivated due to "Barbara Mosley" going into the Navy Federal branch office at 2645 Street Road in Bensalem, Pennsylvania and telling employees there that Mosley was deceased. (*Id.*)

[1] Although Mosley also included in the caption the words "Navy Federal Branch." (Compl. at 1), the Court understands him to be naming just Navy Federal since he includes citizenship information only for the one entity. (*Id.* at 3.)

[2] The factual allegations are taken from Mosley's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.. Where the Court quotes from *pro se* pleadings, punctuation, spelling, and capitalization errors will be cleaned up as needed.

Allegedly, no proof was offered to show Navy Federal that Barbara was his relation or that he was in fact deceased. (*Id.*) Employees thus "caused said breach of contract for not contacting the appropriate authorities." (*Id.*) He claims that he has no ties to Barbara. (*Id.*) As a result, he has not been permitted to deposit or withdraw from his accounts since the incident, which has caused him emotional distress. (*Id.* at 4.) He had to go to another branch in Philadelphia to provide a notarized statement that he is alive. (*Id.*) He seeks money damages "for said breach without proof." (*Id.*)

In the part of the form Complaint Mosley used to submit his case that asks for the source of the Court's jurisdiction, he did not check any of the available boxes but wrote "breach of contract, negligence, bias, discrimination." (*Id.* at 2.) He also wrote that he is a citizen of Pennsylvania and Navy Federal has its corporate office in Virginia. (*Id.* at 3.)

## II. STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis.* Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* pleading as true, draw all reasonable inferences in Mosley's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F. 3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be [sic] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

"Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III. DISCUSSION

### A. Federal Law Claims

Mosley uses the words "bias" and "discrimination." To the extent he uses these words to attempt to state a civil rights claim against Navy Federal, that claim is not plausible. First, these kinds of passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("a passing reference to an issue . . . will not suffice to bring that issue before this court.")). Second, as the Court has recently explained to Mosley, private entities are not "persons" that can be sued in federal court under the Civil Rights Act, 42 U.S.C. § 1983. *Mosley v. Rivers Casino*, No. 26-2994, 2026 WL 1975733, at *2 (E.D. Pa. July 8, 2026) (first citing *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); then citing *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.")). Thus, any claim under § 1983 that Mosley sought to assert by using the words "bias" and "discrimination" would not be plausible for the additional reason that Navy Federal is not a state actor. *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) (holding that "[b]anks, including state employee credit unions, are not 'state actors' for § 1983 purposes.").

The other statute that might apply is 42 U.S.C. § 1981. Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. As the Court has also previously explained to Mosley, "[t]o establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mosley*, 2026 WL 1975733, at *3 (quoting *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018)). While Mosley mentions breach of contract, he fails to allege that he is a member of a racial minority or, most importantly, that Navy Federal intended to discriminate against him on the basis of race when it froze his accounts. Rather than race, Mosley blames the intervention by Barbara for his accounts being frozen. Accordingly, any § 1981 claim will also be dismissed.

**B. State Law Claims**

Mosley's state law claims for breach of contract and negligence will also be dismissed because the Court lacks an independent source of jurisdiction to hear them.[3] The only independent basis for jurisdiction would be 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000,

---

[3] Having dismissed the federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

exclusive of interest and costs, and is between . . . citizens of different States." While Mosley alleges he is a Pennsylvania citizen and that Navy Federal is has its corporate headquarters in Virginia (Compl. at 3), the amount in controversy he claims, $5 million for emotional damages resulting from negligence and an alleged breach of contract due to his inability to access his accounts, is entirely unexplained, legally implausible, and therefore deficient to meet the jurisdictional requirement.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The amount in controversy "is determined from the good faith allegations appearing on the face of the complaint." *Elansari v. Tinder, Inc.,* 784 F. App'x 114, 115 (3d Cir. 2019) (*per curiam*) (quoting *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997)); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 395 (3d Cir. 2016) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (internal quotations and citation omitted)). "Making a claim in good faith means a plaintiff's estimations of the amounts recoverable must be realistic and objective, not based on fanciful, pie-in-the-sky, or simply wishful amounts." *Grossinger v. GoDaddy.com, LLC*, No. 26-4700, 2026 WL 2719148, at *3 (E.D. Pa. Sept. 15, 2026) (quoting *Hafer v. Farmers Ins. Agency*, No. 22-0808, 2022 WL 17555522, at *2 (E.D. Cal. Dec. 9, 2022)).

It appears to a legal certainty that Mosley's claim is really for less than the jurisdictional amount. In Pennsylvania, the measure for contract damages is a party's expectation interest, that is, having the benefit of its bargain by being put in as good a position as it would have been in

had the contract not been breached. *Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 252 (3d Cir. 2008) (citing *Ferrer v. Trs. of Univ. of Pa.*, 825 A.2d 591, 609 (Pa. 2002)). Mosley does not allege the amount of funds he was unable to access but, the Court notes, financial information he provided in *in forma pauperis* applications he filed in other cases started in 2026 indicated he had no significant balance on deposit. *See Mosley v. Rivers Casino*, No. 26-5111 (ECF No. 1) (reporting zero cash and listing no bank accounts); *Mosley v. Rivers Casino*, No. 26-2994 (ECF No. 1) (reporting zero cash and listing no bank accounts).

Damages for emotional distress are not ordinarily allowed in actions for breach of contract. *Rittenhouse Regency Affiliates v. Passen*, 482 A.2d 1042, 1043 (Pa. Super. Ct. 1984). There are only two exceptions: (1) where the emotional distress accompanies bodily injury and (2) where the breach is of such a type that serious emotional disturbance is a particularly likely result. *Id*. Neither circumstance is a plausible inference from Mosley's inability to access his bank account. Finally, to a legal certainty the damages from his negligence claim also does not amount to the $5 million "pie-in-the-sky" value Mosley asserts. Stated simply, there is reason to doubt that the damage claim has been made in good faith, considering that Mosley provides no facts shedding light on how he suffered the amount of damages he claims. *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) (dismissing action for lack of jurisdiction where "although the complaint's ad damnum requests damages in excess of $1,000,000 and $5,000,000 on the Third and Fourth Claims, respectively, the complaint, liberally construed, contains no allegations from which the Court may infer a good faith basis for recovery of damages in such an amount"); *Grossinger*, 2026 WL 2719148, at *3 (finding that the allegation that the amount in controversy exceeded $75,000 was not made in good faith where the breach of contract claim was based on a two month disruption in services provided by the

defendant at a rate of $65.98 per month). Since, as a legal certainty, Mosley did not sustain damages exceeding the amount in controversy to support the exercise of diversity jurisdiction, the state law claims will be dismissed for want of subject matter jurisdiction.

## IV. CONCLUSION

Mosley's federal law claims will be dismissed as implausible. Because the Court has provided Mosley with the elements of the federal law claims in previous decisions dismissing equally terse discrimination allegations as implausible, the Court finds that any attempt at amendment would prove futile and no leave to amend will be granted. The state law claims will be dismissed without prejudice so that Mosley can reassert them in a state court where the amount in controversy will not be implicated.[4]

**BY THE COURT:**

**HON. MIA R. PEREZ**

[4] The Court expresses no opinion on the merits of any state law claim.